IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYESHA N. ISOM, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-2192-E-BK |
| § | |
| INTERNAL AFFAIRS STATE OF TEXAS, § | |
| ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED** *sua sponte*.

**I.      BACKGROUND**

On September 14, 2021, Tyesha N. Isom, a Texas, resident, filed a *pro se* complaint against Internal Affairs of the State of Texas and Internal Affairs of five other states. Doc. 3 at 1. The complaint is largely incoherent, rambling, and for the most part undecipherable. Doc. 3 at 1. Isom states that she is filing "a Police Departmental lawsuit." Doc. 3 at 1. She asserts that police officers are "using" her and her property for "intelligence" purposes. Doc. 3 at 1-2. She also complains that she has received terroristic threats through her mobile IP. *Id.* Isom seeks over $65 million in damages. Doc. 3 at 2.

In the *Civil Cover Sheet*, Isom checked the box for "U.S. Government Plaintiff" as the jurisdictional basis and describes her cause of action as "property rights, copyrights and trade

secret, assault and exploitation, violation of trade secrets to protect intellectual property and rights as results [of] sexual assault and opportunity loss, and exploitation." Doc. 3 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Even assuming jurisdiction, Isom fails to present a cognizable claim and her factual contentions appear irrational and delusional. Thus, this action should be dismissed *sua sponte*.[1]

## II. ANALYSIS

### A. Subject Matter Jurisdiction is Lacking

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Isom's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally

---

[1] Because the Court lacks jurisdiction, the motion to proceed *in forma pauperis* is terminated as moot by separate order. Doc. 4.

construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Isom has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Doc. 3 at 1-2. That Isom checked the box for "U.S. Government plaintiff" on the Civil Cover Sheet is insufficient to confer jurisdiction on this Court. Doc. 3 at 3. Likewise, her fleeting mention of copy right and trade secret violations does not suffice to establish federal question jurisdiction. See *Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (Lynn, J.) (dismissing case because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Also, Isom's assertion that one Defendant is located in Texas, defeats subject-matter jurisdiction on the basis of diversity. See *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). And without federal jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

### B. Isom's Claims are also Legally and Factually Frivolous

Alternatively, Isom has failed to state a cognizable legal claim or anything that can be construed as such. Indeed, her factual contentions appear irrational and incredible and fail to support any legal claim. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (holding a complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless'"); 28 U.S.C. § 1915(e)(2)(B). Consequently, the complaint should be dismissed as frivolous.

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Isom in her complaint clearly demonstrate a lack of subject matter jurisdiction in this Court and her claims lack a rational basis. Thus, granting leave to amend would be futile and cause needless delay.

### IV.  IMPOSITION OF SANCTIONS

The Court takes judicial notice that since June 10, 2021, Isom filed 11 other cases in the Northern District of Texas.[2] At least five of these actions were previously dismissed for lack of subject matter jurisdiction.[3] The remaining cases are pending awaiting judicial screening.

---

[2] *See* PACER Case Locator at https://pcl.uscourts.gov/pcl/pages/welcome.jsf (last accessed on Sep. 27, 2021).

[3] *See Isom v. Lyft Inc.*, No. 3:21-cv-01349-X-BK (N.D. Tex. Sep. 13, 2021); *Isom v. Texas Department of Transportation*, No. 3:21-cv-1350-B-BK (N.D. Tex. Aug. 5, 2021); *Isom v. Ride Time LLC*, No. 3:21cv1386-E-BK (N.D. Tex. Aug. 3, 2021); *Isom v. America Movil*, No. 3:21-cv-01387-M-BK (N.D. Tex. Aug. 16, 2021); *Isom v. Conde Nast/New York HQ Wired.com*, No. 3:21-cv-01578-N-BN (N.D. Tex. Sep. 17, 2021).

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Here, based on Isom's filing history and her pattern of filing actions over which the Court lacks jurisdiction or that are frivolous, she should be barred from filing future actions *in forma pauperis* in this or any other federal Court without first obtaining leave of court. *See Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. Apr. 6, 2021) (per curiam) ("[T]he district court had jurisdiction to sanction [plaintiffs] despite the general absence of subject matter jurisdiction. Even after a court dismisses a case, it retains authority to sanction."), *petition for cert. filed* (July 7, 2021) (No. 21-15).

V.   **CONCLUSION**

For the foregoing reasons, Isom's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). Even assuming jurisdiction, her complaint should be **DISMISSED WITH PREJUDICE** as frivolous. 28 U.S.C. § 1915(e)(2)(B).

Further, Isom should be **BARRED** from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which she is plaintiff, should not be reviewed by the court.

**SO RECOMMENDED** on October 4, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).